203 N.J. Super. 417 (1984)
497 A.2d 232
STATE OF NEW JERSEY, PLAINTIFF,
v.
TERRY GILLESPIE, DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal), Union County.
Decided December 21, 1984.
*418 William Daniel, Assistant Prosecutor, for plaintiff (John H. Stamler, Prosecutor).
Sheri Tanne, Assistant Deputy Public Defender, for defendant (S. David Levy, Deputy Public Defender).
MENZA, J.S.C.
The question before the court is whether a defendant convicted of first degree robbery with a hand gun for the second time must receive an extended term of imprisonment under N.J.S.A. 2C:43-6(c) (The Graves Act), when the offense that formed the basis for the second conviction occurred prior to the defendant's first conviction.
Both offenses occurred prior to the defendant's first conviction. The chronology is as follows:
FIRST CONVICTION
Offense  April 30, 1982
Indictment  December 18, 1982
Conviction  August 19, 1983
SECOND CONVICTION
Offense  July 24, 1982
Indictment  October 22, 1982
Conviction  December 21, 1984
N.J.S.A. 2C:43-6(c) provides in pertinent part:
A person who has been convicted of an offense enumerated by this subsection and who used or possessed a firearm during its commission, attempted commission or flight therefrom and who has been previously convicted of an offense *419 involving the use or possession of a firearm ... shall be sentenced by the court to an extended term as authorized by 2C:43-7(c),[1] notwithstanding that extended terms are ordinarily discretionary with the court.
The defendant contends that the court cannot sentence the defendant as a second offender under the statute because the offense which was the subject of the second conviction was committed by him prior to his first conviction on another offense. He argues that the courts in New Jersey, as well as those throughout the United States, support the view that enhanced punishment may only be imposed when the first conviction precedes the occurrence of the offense upon which the second conviction is based. The defendant cites numerous cases in support of his contention. State v. Chavies, 185 N.J. Super. 429 (App.Div. 1982) (murder); State v. Anderson, 186 N.J. Super. 174 (App.Div. 1982), aff'd 93 N.J. 14 (1983) (sex offender); State v. Johnson, 109 N.J. Super. 69 (App.Div. 1970) (violation of drug laws); See also State v. McCall, 14 N.J. 538 (1954) (construing the former Habitual Offender Act); see generally, Annotation, "Chronological or procedural sequence of former convictions as affecting enhancement of penalty for subsequent offense under habitual criminal statutes," 24 A.L.R.2d 1247 (1952). As a general proposition, the defendant is correct in his contention.
In State v. Deckert, 69 N.J. Super. 105 (Law Div. 1961), the court stated:
The preponderance of authority supports the view that the prior conviction, in order to be available for imposition of increased punishment, must precede the commission of the principle offense, that is the latest prosecution in point of time. The philosophy inherent in this theory is that the Legislature in enacting such statutes intended them to serve as a warning to first offenders and to *420 afford them an opportunity to reform and that the reason for the infliction of severer punishment for a repetition of offenses is not so much that defendant has sinned more than once as that he is deemed incorrigible when he persists in violating the law after conviction of previous infractions. [Id. 69 N.J. at 107].
The courts adopt the view that it is the intention of the Legislature, in enacting an enhanced penalty statute (absence of evidence to the contrary), to give a warning to a first offender at the time that he is first convicted that if he again violates the law he will be severely punished. First offenders are thus given an opportunity to reform and mend their ways. It is obvious therefore that the enhanced penalty aspect of a statute would only go into effect when an offender has ignored the warning and again violates the law.
The New Jersey Code evinces such a legislative intent in the statutes that provide for extended terms, at the court's discretion, for persistent offenders, professional criminals, persons committing crimes for consideration, N.J.S.A. 2C:44-3, and persistent sex offenders, N.J.S.A. 2C:14-6. These statutes are directed at the person who commits the crime[2] rather than the crime itself. It is the nature of the offender that is paramount and that controls the imposition of the enhanced penalty. But what of a statute that provides for an enhanced penalty on the doing of the act itself without reference to the character or background of the offender? Would such a statute mandate the imposition of an enhanced penalty?
In Gonzalez v. United States, 224 F.2d 431 (1st Cir.1955), the court, in discussing the philosophy underlying the imposition of enhanced punishment for multiple offenders, recognized a difference *421 in the philosophy of statutes which had as their focus reformation and those which are directed at deterrance and retribution.
The court stated:
If the purpose of subsequent offender statutes is to deter criminal conduct, we can see no reason why the increased penalties should not be applied to any subsequent offense whether or not there has been an intervening conviction and sentence since presumably a greater penalty would be required to deter a repetition of criminal activity by an offender who has not been convicted previously than to deter repetition by the offender who has been subjected to the corrective impact of conviction and sentence. If, on the other hand, subsequent offender statutes are intended to reform the offender and deprive him by reason of his incarceration of the opportunity for continued criminal conduct, then such statutes would seem to apply properly only to offenders convicted prior to the subsequent offense, for the repetition of criminal activity after conviction would show the inadequacy of a first-offender penalty to perform this function and the need of increased penalties. If the purpose be `to vindicate the law', as the Supreme Court put it, such statutes apparently would be applicable only to those convicted prior to the later offense because the social demand for increased penal sanctions would be directed primarily at the recidivist and not at an individual who had repeatedly committed offenses condemned by the statute but who had never been brought to the bar of justice. [Id. at 433].
The answer to the question of whether the defendant in this case is to receive an enhanced penalty, depends then upon a determination of the legislative intent in the enactment of the Graves Act. This determination requires little analysis. The intent of the law is succinctly set forth in the statement of its sponsor:
This bill would establish a mandatory parole ineligibility term as part of the sentence of anyone who commits certain crimes while in possession of a firearm. Neither suspension nor other non-custodial dispositions would be permitted in those cases.
In State v. Des Marets, 92 N.J. 62, 71-73 (1983), the Supreme Court, in holding, in part, that a court is prohibited from imposing an indeterminate term at a youth correctional institution for a Graves Act offense, had this to say with regard to the legislative intent:
The Graves Act represents a different philosophy. Instead of an approach to crime that looks to rehabilitation through the promise of release, the Graves Act approach is deterrence through the promise of imprisonment. Furthermore, *422 its spirit is totally contrary to the belief that all of the circumstances of both the offender and the offense must be considered if justice is to be done, and that one of the most important aspects of our system of criminal justice is the discretionary nature of punishment.
A court's preference between these two approaches to the problem of crime is irrelevant here, for our task, as always, is to seek the legislative intent. It is not difficult to divine.
........
It is clear that the Legislature had in mind very specific means to carry out its intent. It sought to deter the use of firearms by establishing mandatory minimum terms of imprisonment to ensure certainty of punishment. [Id. 92 N.J. at 71-73, footnote omitted]
The legislative intent of this statute is as clear as a bell and for all to hear. If you commit a crime with a handgun you go to jail and if you do it more than once then you go to jail for a longer period of time. Plea bargains are not permitted to avoid the period of parole ineligibility in either case and the dates the offenses occurred are irrelevant.
The statute is directed at the nature of the act itself and not the person who commits the act. It is punishment decreed by the Legislature, which fits the offense without regard to the circumstances of the offender. See State v. Ivan, 33 N.J. 197 (1960), (discussing this principle). Its aim is simply to deter every one  all of society  from using handguns and if handguns are used, incarceration is the mandated punishment regardless of who commits the crime. Rehabilitation and reform of the offender is not a part of this law.
In light of the clear intent of the statute, it appears to make little sense to permit a defendant to escape the dictates of the statute and avoid its enhanced penalty because he happened to commit two crimes with a firearm before he was apprehended rather than only one. Such a conclusion would be an absurdity in light of the obvious purpose of the statute.
The legislative intent is reflected in the clear language of the statute. The statute states that a person "who has been *423 previously convicted of an offense involving the use or possession of a firearm," 2C:43-6(c), shall receive an extended term of imprisonment "notwithstanding that extended terms are ordinarily discretionary with the court." It is stated in simple and concise language that cannot possibly be the subject of interpretation. In clear terms it says that sequential convictions result in an enhanced penalty and that the court has no discretion to impose a term which is not dictated by the statute.
The court therefore concludes that because the defendant has previously been convicted of a crime involving the use of a firearm, he must receive an extended term of imprisonment in accordance with N.J.S.A. 2C:43-6(c).
NOTES
[1] N.J.S.A. 2C:43-7(c) provides:

In the case of a person sentenced to an extended term pursuant to 2C:43-6(c) ..., the court shall impose a sentence within the ranges permitted by ... [statute] ... which sentence shall include a minimum term which shall be fixed at, or between one-third and one-half of the sentence imposed by the court or five years, whichever is greater, during which the defendant shall not be eligible for parole.
[2] The Commentary to the New Jersey Code states:

The concept of an extended term of imprisonment as a device for dealing with the more difficult criminal was discussed in connection with Section 2C:43-7. That Section establishes the authorized additional lengths of imprisonment terms for persons who, by virtue of the criteria set forth here, are subject to longer periods of control. [II New Jersey Penal Code § 2C:44-3, Commentary, at 329 (New Jersey Criminal Law Revision Commission, Final Report 1971); emphasis supplied].