742 A.2d 605 (1999)
327 N.J. Super. 33
STATE of New Jersey, Plaintiff-Respondent,
v.
Jeffrey R. HILL, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued December 8, 1999.
Decided December 29, 1999.
*606 Abby P. Schwartz, Assistant Deputy Public Defender, for appellant (Ivelisse Torres, Public Defender of New Jersey, attorney; Ms. Schwartz, on the brief).
Wendy Alice Way, Deputy Attorney General, for respondent (John J. Farmer, Jr., Attorney General of New Jersey, attorney; Ms. Way, on the brief).
Appellant filed a pro se supplemental brief.
Before Judges KING, KLEINER and PAUL G. LEVY.
The opinion of the court was delivered by KING, P.J.A.D.
I
This drug distribution case presents an enhanced sentence issue under N.J.S.A. 2C:43-6(f).[1] The only express statutory *607 predicate for an enhanced sentence for the specified drug distribution offenses is a "previous conviction." In this case, the second offense was committed before the conviction for the first, or predicate, offense was obtained. We conclude that the statute does not compel chronological necessity, i.e., that the conviction for the first offense be formalized before the conviction for the second offense is obtained. So long as a defendant "has been previously convicted," see N.J.S.A. 2C:43-6(f), of a predicate offense at the time of sentencing, he qualifies for an enhanced sentence. We decline defendant's invitation to read conditions into the statutory scheme not in the text adopted by the Legislature. We affirm defendant's enhanced sentence.
II
In June 1997 the Prosecutor's Narcotic Strike Force was conducting investigations in the Parkside Apartment Complex in Franklin Township in response to complaints about an "open-air" drug market. On June 18 at about 1 p.m. the Strike Force officers set up a surveillance and observed a man, identified as Rexton Burton, walk into the front porch of apartment 154 at the complex on Market Street and start a conversation through the screen door with another man, later identified as defendant, Jeffrey Hill. Eventually, the officers saw defendant hand Burton a "deck" of heroin in exchange for cash. As he was leaving the area, the officers arrested Burton and found him in possession of the heroin he had purchased moments before. State Police laboratory tests confirmed.37 grams of heroin.
Just six days later, on June 24 at about 3 p.m., after observing several narcotics transactions as part of their continuing investigation of the Parkside Apartment Complex, Strike Force officers moved in and arrested several men, including defendant. When defendant was arrested, two decks of heroin lay at the base of the tree where he was sitting. Cyrus Lewis, also arrested, told police that just before his arrest he bought a deck of heroin from defendant. State Police laboratory tests confirmed .41 grams of heroin in the two decks implicating defendant.
At his guilty plea hearing on January 16, 1998, defendant admitted selling heroin on June 18 and 24, 1997. He pled guilty to the crime of third-degree distribution committed on June 18 (No. 97-10-498) and to the crime of third-degree distribution, possession with intent to distribute, and possession of heroin committed on June 24 (No. 97-10-494). This appeal concerns his persistent offender sentenceeight years with a four-year parole ineligibility term, imposed on February 13, 1998 for the June 1997 offenses.
III
In October 1997 the Somerset County Grand Jury returned Indictment No. 97-10-494 against defendant charging him with third-degree distribution of heroin, N.J.S.A. 2C:35-5(a)(1), and N.J.S.A. 2C:35-5(b)(3) (count one); third-degree possession with intent to distribute heroin, N.J.S.A. 2C:35-5(a)(1), and N.J.S.A. 2C:35-5(b)(3) (count two); and third-degree possession of heroin, N.J.S.A. 2C:35-10(a)(1)the June 24, 1997 drug sale. On the same day, the Grand Jury returned
*608 Indictment No. 97-10-498 against defendant charging him with third-degree distribution of heroin, N.J.S.A. 2C:35-5(a)(1), and N.J.S.A. 2C:35-5(b)(3)the June 18, 1997 drug sales. On December 5, 1997 defendant pled not guilty to these charges.
As noted, on January 16, 1998 defendant entered a guilty plea to all charges in both indictments. In exchange for his guilty plea, the State agreed to recommend that defendant's aggregate extended-term sentence not exceed eight years in prison with a four-year period of parole ineligibility, imposed concurrently on another sentence he was already serving on another indictment. At the plea hearing, defendant was specifically informed that the terms of the plea agreement called for the imposition of an extended term pursuant to N.J.S.A. 2C:43-6(f) because he had an earlier conviction for a drug offense. The State had filed the motion for the extended term at the time of the guilty plea and personally served defendant. On February 13, 1998 the judge granted the State's motion for the imposition of an extended term as a repeat drug offender, pursuant to N.J.S.A. 2C:43-6(f), over defendant's objection.
On March 13, 1998 Judge Edward M. Coleman sentenced defendant as follows: on Indictment No. 97-10-494, to an extended term of eight years with a four year period of parole ineligibility on the distribution offense (count one) and a concurrent five-year term with a two-and-one-half-year period of parole ineligibility on the possession with intent to distribute offense (count two). Count three (possession) was merged with count two. On Indictment No. 97-10-498, defendant was sentenced to a five-year term in prison with two-and-one-half-year period of parole ineligibility for distribution (count two). The sentences were imposed concurrently to each other and to the sentence defendant was already serving on another indictment. As indicated, in accordance with the plea agreement, defendant's aggregate sentence was eight years in prison with a four-year parole disqualifier. As noted, defendant here challenges the extended term because the conviction for the first offense took place after the conviction for the second offense.
IV
Defendant claims he is not eligible for a sentence as a repeat drug offender because the repeat offenses occurred before he was sentenced for the prior or predicate drug offense. He claims that N.J.S.A. 2C:43-6(f) is geared towards rehabilitation and requires chronological sequence for both offenses and convictions. We disagree. Because of the clear text of the statute, on the factual record in this case, defendant qualifies for an extended term as a repeat drug offender.
On October 10, 1996 defendant had been arrested and charged with his first drug offensesthird-degree possession and possession with intent to distribute. While on bail pending sentencing on these charges, defendant again was arrested on July 18, 1997 and charged with the above-described June 18 and 24, 1997 heroin distribution offenses. Then on September 12, 1997 defendant was sentenced on the guilty pleas he entered in May 1997 for the offenses committed in October 1996. As noted, on January 16, 1998 defendant pled guilty to the two drug offenses based on his July 1997 arrest and thereafter received the repeat or persistent offender sentence he now attacks on this appeal. He claims that his September 12, 1997 conviction was not a "previous conviction" within N.J.S.A. 2C:43-6(f) because these offenses, the subject of his extended-term sentence, occurred in June 1997, before he was sentenced in September 1997 for the prior 1996 drug offense.
IV
In State v. Hawks, 114 N.J. 359, 554 A.2d 1330 (1989), the Supreme Court considered a defendant who had committed two Graves Act (gun) offenses on separate occasions. He had been convicted for the *609 second offense before he was convicted for the first offense. In resolving the "previously convicted" issue, the Court held that the extended-term provisions of the Graves Act must be imposed on the entry of the second gun conviction, no matter in what order the offenses occurred. Id. at 363, 367, 554 A.2d 1330. Later, in State v. Haliski, 140 N.J. 1, 656 A.2d 1246 (1995), the Court, relying on Hawks, emphasized that the Graves Act "is concerned only with deterrence and is wholly unconcerned with rehabilitation." Haliski, 140 N.J. at 9, 656 A.2d 1246. The Court also held that a second Graves Act offender may be sentenced to a mandatory extended term while his first Graves Act conviction is either pending on appeal or the time to appeal has not yet expired. Id. at 17-18, 656 A.2d 1246.
The sentencing judge in the case before us observed that the enhanced punishment scheme under N.J.S.A. 2C:43-6(f) was similar to the Graves Actthe emphasis was placed on deterrence of multiple offenses, irrespective of the chronology of the offenses. The sentencing judge here noted that defendant in Hawks, like the defendant in this case, was on bail for his first offense and had entered a guilty plea on that offense but had not yet been sentenced when he committed his repeat offense. We agree with this result.
In construing a statute, courts must seek to fulfill the statutory objective "so far as the terms of the legislation and proper consideration of the interests of those subject to it will fairly permit." Id. (quoting State v. Gill, 47 N.J. 441, 221 A.2d 521 (1966)). Moreover, "[w]hat the law as enacted says provides its meaning, and no further search is necessary or appropriate in the absence of clear ambiguity." State in the Interest of M.G., 307 N.J.Super. 348, 354, 704 A.2d 1025 (App. Div.), certif. denied, 154 N.J. 607, 713 A.2d 498 (1998). "Clear language precludes affording a statute any meaning other than as expressed." Ibid.
The mandatory extended-term statute for repeat drug offenders, N.J.S.A. 2C:43-6(f), was enacted as part of the Comprehensive Drug Reform Act of 1987 (Drug Act). N.J.S.A. 2C:35-1 to -23 and N.J.S.A. 2C:36-1 to -9; see State v. Kirk, 145 N.J. 159, 166, 678 A.2d 233 (1996). The articulated objectives of the Drug Act, set out in its "Declaration of Policy and Legislative Findings," include the "imposition of a uniform, consistent and predictable sentence for a given offense ... [as] an essential prerequisite to [a] rational deterrent scheme designed ultimately to reduce the incidence of crime." N.J.S.A. 2C:35-1.1(a); Kirk, 145 N.J. at 166-67, 678 A.2d 233. The Drug Act focuses on the punishment and deterrence of serious and dangerous offenders and thus "target[s] for expedited prosecution and enhanced punishment those repeat drug offenders and upper echelon members of organized narcotics trafficking networks who pose the greatest danger to society." N.J.S.A. 2C:35-1.1(c); Kirk, 145 N.J. at 167, 678 A.2d 233. By providing strict punishment for repeat offenders, the Legislature sought to reduce the demand for illegal drugs and the incidence of drug-related crime. Ibid.
Therefore, "[t]he legislative objective of section 6f is to impose lengthy prison terms on repeat drug offenders as `the norm rather than the exception.'" Kirk, 145 N.J. at 174, 678 A.2d 233 (quoting State v. Lagares, 127 N.J. 20, 32, 601 A.2d 698 (1992)). In particular, the final sentence of N.J.S.A. 2C:43-6(f) requires the imposition of an extended term sentence for defendants previously convicted "at any time" of violations of N.J.S.A. 2C:35-5, if the prosecutor requests. See id. at 171-72, 678 A.2d 233. Thus, the plain language of N.J.S.A. 2C:43-6(f) does not limit, either expressly or impliedly, the chronological sequence of convictions subject of this extended term provision; the only textual requirement is that there be "a previous conviction ... at any time." See Hawks, 114 N.J. at 365, 554 A.2d 1330; *610 see also N.J.S.A. 2C:44-4(b) (defining "prior conviction of a crime" generally as "[a]n adjudication by a court of competent jurisdiction that the defendant committed a crime ..., although sentence or the execution thereof was suspended, provided that the time to appeal has expired and that the defendant was not pardoned on the ground of innocence.").
Based on the articulated objectives of the Legislature, the enhanced sentencing provision of the Drug Act, N.J.S.A. 2C:43-6(f), is, by its very terms, deterrence-oriented, directed at defendants who have "demonstrat[ed] an escalating pattern of drug activity." See Kirk, 145 N.J. at 166-167, 171, 678 A.2d 233; Haliski, 140 N.J. at 9, 656 A.2d 1246; State in the Interest of M.G., 307 N.J.Super. at 354, 704 A.2d 1025. We conclude that for the imposition of an extended term under section 6(f), the chronological sequence of the offenses and the convictions is not relevant; the emphasis is deterrence against the multiple commission of certain drug-related crimes. See Haliski, 140 N.J. at 11, 656 A.2d 1246. See, e.g., Hawks, 114 N.J. at 367, 554 A.2d 1330 (the extended-term provisions of the deterrence-oriented Graves Act must be imposed on entry of a second firearms conviction, regardless of the order in which the offenses occurred); State v. Mangrella, 214 N.J.Super. 437, 445-46, 519 A.2d 926 (App.Div.1986), certif. denied, 107 N.J. 127, 526 A.2d 194 (1987) (for sentence enhancement of a "persistent offender" under N.J.S.A. 2C:44-3(a), the "previous offense" requirement is met if a conviction on a previous offense occurs prior to the date of sentencing on the "subsequent" offense before the court); State v. Petrello, 251 N.J.Super. 476, 479, 598 A.2d 927 (App.Div.1991) (enhanced penalties of N.J.S.A. 39:4-50 for a subsequent conviction for driving while intoxicated must be imposed at sentencing where the second violation occurs prior to sentencing for the first conviction). Accord, United States v. Jefferson, 88 F.3d 240, 244-45 (3d Cir.) (under N.J.S.A. 2C:44-4(b), adjudication, with or without sentencing, constitutes a conviction because an adjudication whether based on a plea of guilty or the return of a verdict is the determination that defendant committed a crime), cert. denied, 519 U.S. 1019, 117 S.Ct. 536, 136 L.Ed.2d 421 (1996).
We reject the defendant's invitation to construe the Drug Act and its enhanced sentence component as rehabilitation-oriented, requiring chronologically sequential offenses and convictions. Defendant asks us to adopt the reasoning of this court in State v. Anderson, 186 N.J.Super. 174, 451 A.2d 1326 (App.Div.1982), aff'd o.b., 93 N.J. 14, 459 A.2d 302 (1983), which involved interpretation of the sentencing provisions of the multiple sex offenders act, N.J.S.A. 2C:14-6.
Section N.J.S.A. 2C:14-6, the enhanced penalty statute considered in Anderson, fundamentally differs in purpose from N.J.S.A. 2C:43-6(f). Section N.J.S.A. 2C:14-6 focuses on the person who commits the crime and reflects a "perceived legislative objective of rehabilitating first time sex offenders...." Haliski, 140 N.J. at 11, 656 A.2d 1246. In N.J.S.A. 2C:14-6 that objective was achieved by requiring chronologically sequential offenses and convictions. See Anderson, 186 N.J.Super. at 177, 451 A.2d 1326. Chronologically sequential offenses and convictions are not relevant when the focus of the legislation is on the crime and the goal is "deterrence and only deterrence." Hawks, 114 N.J. at 366, 554 A.2d 1330; see State v. Des Marets, 92 N.J. 62, 68, 455 A.2d 1074 (1983).
The Drug Act's stated emphasis is not rehabilitation-oriented. N.J.S.A. 2C:35-1.1; Kirk, 145 N.J. at 166-67, 678 A.2d 233. In the Drug Act's policy declarations, the Legislature limited rehabilitation to the addicti.e., "to facilitate where feasible the rehabilitation of drug dependent persons so as ultimately to reduce the demand for illegal controlled dangerous substances and the incidence of drug-related crime." N.J.S.A. 2C:35-1.1(c). Also, the legislative objective of rehabilitating drug offenders is narrowly prescribed in *611 N.J.S.A. 2C:35-14. For example, under N.J.S.A. 2C:35-14(b), a defendant convicted of a drug distribution offense who has previously been convicted of a distribution offense is not eligible for rehabilitation treatment unless the prosecutor joins in the application. See State v. Soricelli, 156 N.J. 525, 535-37, 722 A.2d 95 (1999). The legislative message is clear. Society's tolerance for the drug pusher as a repeat offender has waned. Anderson is inapposite. Defendant does not qualify for rehabilitative treatment because he is a repeat drug distribution offender. Indeed, the concept of rehabilitation is virtually chimerical on the particular facts before us where defendant was back on the street persistently dealing drugs before his first distribution charge reached sentencing disposition. "To allow a defendant to escape the statutorily-required higher penalty because he or she has not yet been convicted, either because of strategic maneuvering by counsel or because of the vicissitudes of the court docket, would create for defendants a windfall not envisioned by the Legislature." Hawks, 114 N.J. at 366-67, 554 A.2d 1330.
We affirm the enhanced sentence of eight years in State Prison with a four year parole ineligibility term. We also conclude that defendant's remaining argument, that the overall sentence was "manifestly excessive" is without merit. R. 2:11-3(e)(2).
Affirmed.
NOTES
[1] The statute states in pertinent part: *** f. A person convicted of manufacturing, distributing, dispensing or possessing with intent to distribute any dangerous substance or controlled substance analog under N.J.S. 2C:35-5, of maintaining or operating a controlled dangerous substance production facility under N.J.S. 2C:35-4, of employing a juvenile in a drug distribution scheme under N.J.S. 2C:35-6, leader of a narcotics trafficking network under N.J.S. 2C:35-3, or of distributing, dispensing or possessing with intent to distribute on or near school property or buses under section 1 of P.L.1987, c. 101 (C. 2C:35-7), who has been previously convicted of manufacturing, distributing, dispensing or possessing with intent to distribute a controlled dangerous substance or controlled substance analog, shall upon application of the prosecuting attorney be sentenced by the court to an extended term as authorized by subsection c. of N.J.S. 2C:43-7, notwithstanding that extended terms are ordinarily discretionary with the court. The term of imprisonment shall, except as may be provided in N.J.S. 2C:35-12, include the imposition of a minimum term. The minimum term shall be fixed at, or between, one third and one-half of the sentence imposed by the court or three years, whichever is greater, not less than seven years if the person is convicted of a violation of N.J.S. 2C:35-6, or 18 months in the case of a fourth degree crime, during which the defendant shall be ineligible for parole.

The court shall not impose an extended term pursuant to this subsection unless the ground therefor has been established at a hearing. At the hearing, which may occur at the time of sentencing, the prosecutor shall establish the ground therefor by a preponderance of the evidence. In making its finding, the court shall take judicial notice of any evidence, testimony or information adduced at the trial, plea hearing, or other court proceedings and shall also consider the presentence report and any other relevant information.
For the purpose of this subsection, a previous conviction exists where the actor has at any time been convicted under chapter 35 of this title or Title 24 of the Revised Statutes or under any similar statute of the United States, this State, or any other state for an offense that is substantially equivalent to N.J.S. 2C:35-3, N.J.S. 2C:35-4, N.J.S. 2C:35-5, N.J.S. 2C:35-6 or section 1 of P.L.1987, c. 101 (C. 2C:35-7). [Emphasis added.]