886 A.2d 1112 (2005)
381 N.J. Super. 503
STATE of New Jersey, Plaintiff-Respondent,
v.
Charles OWENS, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted September 21, 2005.
Decided December 8, 2005.
*1113 Yvonne Smith Segars, Public Defender, attorney for appellant (Patricia Nichols, Designated Counsel, of counsel and on the brief).
*1114 Peter C. Harvey, Attorney General, attorney for respondent (Daniel I. Bornstein, Deputy Attorney General, of counsel and on the brief).
Before Judges STERN, FALL and GRALL.
The opinion of the court was delivered by
GRALL, J.A.D.
On November 21, 2003, defendant Charles Owens plead guilty to charges included in two indictments returned by the grand jurors for Mercer County: Number XX-XX-XXXX, a five count indictment returned on December 27, 2001, and Number XX-XX-XXXX, an eleven count indictment returned on August 20, 2002. Defendant's pleas were entered pursuant to an agreement with the State. Defendant appeals from the final judgments of conviction and sentence.
On the 2001 indictment, defendant plead guilty to count five, second-degree employing a juvenile in a drug distribution scheme, contrary to N.J.S.A. 2C:35-6, and was sentenced to a seven-year term, five without possibility of parole, which is the presumptive term and mandatory minimum period of parole ineligibility. N.J.S.A. 2C:35-6; N.J.S.A. 2C:44-1f(1)(c). He also plead guilty to count three, third-degree possession of a controlled dangerous substance (heroin) with intent to distribute within 1000 feet of a school, contrary to N.J.S.A. 2C:35-5 and 2C:35-7, and was sentenced to a concurrent five-year term, with three years of parole ineligibility.
On the 2002 indictment, defendant plead guilty to count three, third-degree possession of a controlled dangerous substance (heroin) with intent to distribute within 1000 feet of a school, contrary to N.J.S.A. 2C:35-5 and 2C:35-7. Pursuant to N.J.S.A. 2C:43-6f and based upon his simultaneous conviction on count three of the 2001 indictment, he was sentenced to the presumptive extended term of seven years, with three years of parole ineligibility. That sentence is concurrent with the sentence imposed on the 2001 indictment.
The judge also imposed a $4000 DEDR penalty, a $150 lab fee, a $150 VCCB assessment, a $225 SNSF assessment and a $90 LEOTEF penalty. She required defendant to provide a DNA sample, revoked his driving privileges for twenty-four months and directed him to complete his GED and participate in drug counseling when released on parole.
We conclude that the extended term based upon convictions and sentences entered in the same proceeding is an illegal sentence not authorized by N.J.S.A. 2C:43-6f. We affirm defendant's convictions but remand for resentencing on the 2002 indictment, reduction of the illegal LEOTEF penalty and elimination of the illegal parole conditions.
The procedural history is complex. Prior to entry of the guilty pleas, defendant was tried to a jury on the five counts included in the 2001 indictment. On September 26, 2003, the jury acquitted defendant of count four and convicted him of the remaining four counts.
Sentencing was scheduled for November 21, 2003. On that date, defendant entered into an agreement with the State that addressed all charges on which defendant had been convicted under the 2001 indictment and the charges included in the pending 2002 indictment. Under the agreement the State promised to dismiss the remaining charges in both indictments. The State agreed to recommend the following sentences: on count five of the 2001 indictment, seven years, five to be served without possibility of parole; on count *1115 three of the 2001 indictment, a concurrent five year sentence, three years without possibility of parole; and on count three of the 2002 indictment, a concurrent sentence of seven years, three without possibility of parole. Defendant agreed to waive his right to appeal.
Defendant provided the following factual basis. He admitted that on July 24, 2001, he provided a bundle of heroin to W.W., knowing that he was under the age of eighteen. He then watched while W.W. sold the drugs and subsequently collected the proceeds of that sale from W.W. The transaction took place across the street from and within fifty feet of a school. Defendant also admitted that on May 2, 2002, he gave drugs to Daniel English and received the proceeds after English sold the drugs. That transaction took place in the same location, across the street from the school.
The trial judge accepted the factual basis and sentenced defendant in accordance with the agreement immediately following the plea. The sentence imposed is set forth above.
On December 5, 2003, for reasons not reflected on the record, defendant and the State again appeared before the trial judge. The State asked the court to resentence defendant on the 2001 indictment to reflect the verdict returned by the jury. Defendant's attorney did not object, and the judge reinstated counts one and two, merging those counts with counts three and five, and imposing the same sentence.
Defendant raises the following arguments on appeal:
I. EMPLOYING A JUVENILE IN A DRUG DISTRIBUTION SCHEME WAS IMPROPERLY CHARGED IN THE INDICTMENT THUS NOT PROPERLY CHARGED TO THE JURY OR PROVEN TO THE JURY BEYOND A REASONABLE DOUBT, IT WAS NOT PROPERLY REPORTED AS A VERDICT BY THE JURY. (Not Raised Below)
II. THE STATE PRESENTED EVIDENCE TO THE JURY THAT WAS IRRELEVANT, PREJUDICIAL, AND MISLEADING; THE ADMISSION OF OTHER CRIMES EVIDENCE, ALONE AND WITHOUT LIMITING INSTRUCTION, WAS ERROR.
III. THE TRIAL JUDGE ABDICATED HER ROLE TO THE PROSECUTOR, VIOLATED DEFENDANT'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL. (Not Raised Below)
IV. THE TRIAL COURT ERRED IN FAILING TO DISCLOSE THE SURVEILLANCE LOCATION.
V. THE PLEA PROCESS VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHTS.
A. THE PLEA PROCESS.
B. BRIMAGE GUIDELINES.
C. THE PLEA OFFER.
D. THE SENTENCES IMPOSED.
E. N.J.S.A. 2C:43-6F.
F. DEFENDANT WAS NOT ELIGIBLE FOR AN EXTENDED TERM SENTENCE.
G. BLAKELY v. WASHINGTON.

We will not consider the arguments raised in Points I through IV. "Generally, a defendant who pleads guilty is prohibited from raising, on appeal, the contention that the State violated his constitutional rights prior to the plea." State v. Knight, 183 N.J. 449, 470, 874 A.2d 546 (2005) (quoting State v. Crawley, 149 N.J. 310, 316, 693 A.2d 859 (1997)). This is *1116 because a guilty plea waives all issues, including constitutional claims, that were or could have been raised in prior proceedings. Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235, 243 (1973). In Tollett, the United States Supreme Court held:
[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.
[411 U.S. at 267, 93 S.Ct. at 1608, 36 L.Ed.2d at 243.]
"Included within those constitutional rights that are deemed waived after entering an unconditional guilty plea are `the privilege against compulsory self-incrimination, the right to trial by jury, the right to confront one's accusers, and the right to a speedy trial.'" Knight, supra, 183 N.J. at 470, 874 A.2d 546 (quoting Crawley, supra, 149 N.J. at 316, 693 A.2d 859).
There are three recognized exceptions to the waiver principle, but none permit a challenge to trial errors. See Knight, supra, 183 N.J. at 471, 874 A.2d 546; State v. Robinson, 224 N.J.Super. 495, 500-01, 540 A.2d 1313 (App.Div.1988). R. 3:5-7(d) and R. 7:5-2(c)(2) permit appeal from denial of a motion to suppress physical evidence after a guilty plea; R. 3:28(g) permits appeal from denial of admission into a pretrial intervention program; and, R. 3:9-3(f) permits appeal of an issue preserved by entry of a conditional plea. Defendant presents no argument as to why he should be permitted to challenge the indictment or raise trial error on this appeal. See R. 3:10-2(c) (defects in the indictment must be raised prior to trial); State v. Del Fino, 100 N.J. 154, 160, 495 A.2d 60 (1985).
The conclusion that defendant waived pretrial claims and trial errors is not dependent upon defendant's agreement to forego appeal. Rather, it is based upon defendant's solemn admission of guilt which broke the chain of events. See Tollett, supra, 411 U.S. at 267, 93 S.Ct. at 1608, 36 L.Ed.2d at 243.
Defendant's admission of guilt distinguishes this case from State v. Gibson, 68 N.J. 499, 348 A.2d 769 (1975). In Gibson, following defendant's conviction by a jury of armed robbery, the State and the defendant negotiated a sentencing agreement based upon that verdict and defendant's plea of guilty to a second indictment. Id. at 502, 348 A.2d 769. In return for favorable sentences on the verdict, the second indictment and the dismissal of a third indictment, Gibson agreed to waive his right to appeal any trial error. Ibid. He did not plead guilty to armed robbery. Thus, Gibson's armed robbery conviction was based on the jury verdict not on his admission of guilt and voluntary plea.
On those facts, the Supreme Court considered whether a defendant who entered a post-trial sentencing agreement that included a promise to forego appeal, "irrevocably waived his right of direct appeal" from the jury verdict upon which the sentence was premised. Id. at 512, 348 A.2d 769. The Court concluded that a timely appeal should be permitted, subject to the State's right to withdraw from the agreement. Id. at 512-13, 348 A.2d 769.[1] In so holding, the Court distinguished the position of a defendant who waived the right to appeal but "never admitted [] guilt" from one who has "pleaded guilty." Id. at 512, 348 A.2d 769.
*1117 In this case, defendant acknowledged his guilt and provided an adequate factual basis to support a finding on the charges that were tried to the jury. Thus, he is in a different position than the defendant in Gibson, and the principles enunciated in Tollett, Knight and Crawley apply to bar his claims based upon errors or defects in the proceedings that preceded his plea.
While not common, post-verdict guilty pleas are not against public policy. Without questioning the validity of post-verdict agreements about sentencing, the Supreme Court and this court have recognized that such agreements are contemplated by the drug laws. See State v. Gerns, 145 N.J. 216, 221, 678 A.2d 634 (1996) (an agreement pursuant to N.J.S.A. 2C:35-12 "may take the form of a negotiated plea agreement or a post-verdict agreement"); State v. Gonzalez, 254 N.J.Super. 300, 305, 603 A.2d 516 (App. Div.1992) (N.J.S.A. 2C:35-12 permits a judge to relax mandatory sentences where there is a post-verdict agreement).
The mutual interests furthered by a guilty plea prior to trial remain after verdict and pending an appeal that may result in a new trial. State v. Shaw, 131 N.J. 1, 13, 618 A.2d 294 (1993) ("early disposition maximize[s] efficiency [and] furthers ... rehabilitation"); State v. Jimenez, 266 N.J.Super. 560, 570-71, 630 A.2d 348 (App. Div.1993) (citing role of pleas in conservation of available prosecutorial and judicial resources and promotion of rehabilitation through acknowledgement of "truth" and "acceptance of personal responsibility"). Indeed, in rejecting defendant's claim that a post-verdict agreement to waive appeal is illegal, the Supreme Court equated the benefits and burdens of pretrial and post-trial agreements. See Gibson, supra, 68 N.J. at 510, 348 A.2d 769; cf. State v. Williams, 277 N.J.Super. 40, 50-51, 648 A.2d 1148 (App.Div.1994) (holding that where defendant had rejected the State's plea offer and the case had been tried, the judge's "order vacating a valid jury verdict to allow the defendant to enter into an expired plea offer is contrary to public policy and the sound administration of justice" (emphasis added)); Commonwealth v. Stagner, 3 S.W.3d 738, 740 (1999) (noting that there is an element of wager on the outcome of trial regardless whether a plea agreement is reached prior to trial or while the jury is deliberating). There is no inherent unfairness in permitting an agreement that avoids appellate litigation and a subsequent trial through a knowing and voluntary acknowledgment of guilt and waiver of trial rights. See Gibson, supra, 68 N.J. at 506-13, 348 A.2d 769.
Defendant's objections to the plea process are wholly without merit. R. 2:11-3(e)(2). There was no undue time-pressure or improper cutoff of the time to enter a plea on the second indictment. The prosecutor objected to a postponement of sentencing on the jury verdict and extended a limited offer to resolve both indictments simultaneously. He did not foreclose future negotiations on the second indictment. Rather, he stated:
If he wants to think about a plea on the... matter that is still pending, ... I can recommend it concurrent to what he is about to be sentenced for, ... I'll hold that open.... [I]f he wants to plead to it later and run it concurrent to the sentence he is going to get on the trial matter, fine, but that package offer of seven over five on everything, that is off the table today.
The record also belies the claim that defendant did not have sufficient opportunity to consider the offer. On defendant's request to discuss the State's plea offer with his attorney, the trial judge suspended the proceeding to accommodate *1118 consultation. Upon returning to court, defense counsel advised, "I've had an opportunity to speak to Mr. Owens, and after giving this matter some considerable thought, and with some input from his family, he has indicated to me that he is willing to accept the plea offer and will give a factual basis." Defendant had completed and signed a plea form. The judge outlined the charges, the rights defendant was waiving and the terms of the agreement. The trial judge's finding that defendant's plea was "made voluntarily and intelligently with an understanding of the charges and consequences of the plea" is supported by the record. State v. Taylor, 80 N.J. 353, 362, 403 A.2d 889 (1979).
Defendant's sentence to an extended term for distribution of heroin in a school zone is an illegal sentence. The term was imposed pursuant to N.J.S.A. 2C:43-6f. In pertinent part the statute provides:
A person convicted of ... distributing [any dangerous substance] on or near school property or buses [under N.J.S.A. 2C:35-7] who has been previously convicted of ... distributing ... shall upon application of the prosecuting attorney be sentenced by the court to an extended term....
[N.J.S.A. 2C:43-6f (emphasis added).]
In State v. Hill, 327 N.J.Super. 33, 36, 742 A.2d 605 (App.Div.1999), certif. denied, 164 N.J. 188, 752 A.2d 1290 (2000), we held that the extended term provided in N.J.S.A. 2C:43-6f applies "[s]o long as a defendant `has been previously convicted' of a predicate offense at the time of sentencing..." (citation omitted). But in this case, defendant did not have a qualifying predicate conviction until he entered simultaneous guilty pleas to the charges in the 2001 and 2002 indictments. We cannot construe the terms of N.J.S.A. 2C:43-6f to apply to convictions entered in one proceeding.
As we stated in Hill, "In construing a statute, courts must seek to fulfill the statutory objective `so far as the terms of the legislation and proper consideration of the interests of those subject to it will fairly permit.'" Hill, supra, 327 N.J.Super. at 40, 742 A.2d 605 (quoting State v. Haliski, 140 N.J. 1, 17-18, 656 A.2d 1246 (1995)). "What the law as enacted says provides its meaning, and no further search is necessary or appropriate in absence of clear ambiguity." State ex rel. M.G., 307 N.J.Super. 348, 354, 704 A.2d 1025 (App.Div.), certif. denied, 154 N.J. 607, 713 A.2d 498 (1998). "Clear language precludes affording a statute any meaning other than as expressed." Ibid. There is no ambiguity that would bring a person who pleads guilty to two charges on the same day, in the same proceeding and pursuant to one agreement, within the terms of a provision that applies to one who "has been previously convicted."
In State v. Hawks, 114 N.J. 359, 554 A.2d 1330 (1989), the Supreme Court construed the extended term provision of the Graves Act which, like the statute at issue here, applies to a person "who has been previously convicted." N.J.S.A. 2C:43-6c. Both extended term provisions are focused on deterrence. Haliski, supra, 140 N.J. at 10, 656 A.2d 1246; Hill, supra, 327 N.J.Super. at 41, 742 A.2d 605. In light of that deterrent purpose, the Court held "that the extended term provisions of the Graves Act must be imposed on entry of a second firearms conviction, regardless of the order in which the offenses occurred." Hawks, supra, 114 N.J. at 367, 554 A.2d 1330; see id. at 363-64, 554 A.2d 1330 (discussing State v. Gillespie, 203 N.J.Super. 417, 423, 497 A.2d 232 (Law Div.1984) and State v. Windsor, 205 N.J.Super. 450, 455, 501 A.2d 194 (Law Div.1985)).
In Haliski, again relying on the deterrent purposes of the Graves Act, the Court eschewed a literal reading of N.J.S.A. *1119 2C:44-4b, which defines "prior conviction" as "an adjudication by a court of competent jurisdiction that the defendant committed a crime constitutes a prior conviction,... provided that the time to appeal has expired ..." and held that the Legislature did not intend to prevent the imposition of an extended term while a prior Graves Act conviction was subject to appeal. Haliski, supra, 140 N.J. at 8, 17, 656 A.2d 1246. Instead, the Court directed trial judges sentencing an offender, whose qualifying predicate conviction is subject to appeal, to impose the extended term and permit the defendant to move pursuant to R. 3:21-10(b)(4) or R. 3:22-2 in the event of subsequent reversal of the predicate conviction. Id. at 20, 656 A.2d 1246.
Thus, the sequence of the crimes and convictions is irrelevant, and neither the first sentencing nor appeal must be complete. Haliski, supra, 140 N.J. at 17-20, 656 A.2d 1246; Hill, supra, 327 N.J.Super. at 43, 742 A.2d 605; see State v. Mangrella, 214 N.J.Super. 437, 445-46, 519 A.2d 926 (App.Div.1986), certif. denied, 107 N.J. 127, 526 A.2d 194 (1987). Nonetheless, there must be a prior adjudication at the time the extended sentence is imposed. Cf. State v. Livingston, 172 N.J. 209, 217-20, 797 A.2d 153 (2002) (precluding application of N.J.S.A. 2C:43-7.1a, which then applied to a person convicted "on two or more prior and separate occasions," to a person who plead guilty to separate indictments in a single continuous proceeding and noting that even under the Graves Act as construed in Hawks there must be a prior conviction). In this case, there was no prior adjudication, and the extended term is illegal.[2]
While the deterrent policy of the drug law might be furthered by allowing an extended term in this case, no decision of a court of this State has suggested that a person who has multiple convictions based on a single proceeding is a person who "has previously been convicted." N.J.S.A. 2C:43-6f. To reach that result, we would be required to redraft the statute to mandate an extended term for any person who "has more than one conviction" for a qualifying offense. This we will not do.
We reject the State's suggestion that the extended term can be upheld because a jury found defendant guilty of the predicate crime prior to the plea proceeding. The State and defendant negotiated an agreement independent of that verdict, and pursuant to that agreement defendant acknowledged his guilt of the crimes. His conviction is based upon that guilty plea. Like a defendant whose conviction is reversed on appeal, defendant, whose conviction is based on a post-verdict guilty plea, did not have a qualifying prior conviction before the plea proceeding. See Haliski, supra, 140 N.J. at 20, 656 A.2d 1246.
Accordingly, we affirm the convictions based upon the guilty pleas, vacate the extended term imposed under the 2002 indictment and remand for sentencing to an ordinary term on that indictment. The judgment of conviction on the 2001 indictment must be amended to reflect defendant's acquittal on count four, the dismissal of counts one and two pursuant to the plea, and defendant's plea of guilty on counts three and five. The LEOTEF penalty of $90 is also illegal. N.J.S.A. 2C:43-3.3 provides for a $30 penalty per disposition. Finally, the judge had no authority to impose conditions of parole, and that aspect of the sentence is vacated. See N.J.S.A. 2C:43-9.
NOTES
[1] The State did not exercise its right to annul the appeal. R. 3:9-3(d).
[2] These are defendant's first Superior Court convictions.