# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5706-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

M.D.,

     Defendant-Appellant.

_____

Submitted December 9, 2019 – Decided February 12, 2020

Before Judges Sumners and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Accusation No. 18-03-0219.

Joseph E. Krakora, Public Defender, attorney for appellant (Alicia J. Hubbard, Assistant Deputy Public Defender, of counsel and on the brief).

Fredric M. Knapp, Morris County Prosecutor, attorney for respondent (Tiffany M. Russo, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from the Law Division's order denying his request for admission into the pretrial intervention program (PTI) because the State did not provide objections supporting its opposition to his admission. We affirm because when defendant accepted a pre-indictment plea offer from the State, the court rule in effect did not require the State to provide its reasons for opposing defendant's entry into PTI prior to an indictment. In addition, we conclude defendant's challenge was waived when he did not seek interlocutory review of the judge's order and he did not reserve his right to appeal when he knowingly and intelligently entered his guilty plea.

I

Angered by the end of his three-year relationship with his girlfriend, an inebriated defendant posted on a website four photographs showing her face and exposed breasts that she had texted to him during their relationship.

Defendant removed the photos after being confronted by the victim's mother. Meanwhile, the victim reported the online postings to the police, asserting defendant was the only person she had given the photographs to. As a result of defendant's admission to police that he posted the photographs, he was charged with third-degree invasion of privacy, knowingly disclosing a photograph of a sexual act without consent, N.J.S.A. 2C:14-9(c), and fourth-

degree cyber-harassment, posting obscene material with the intent to harm or fear, N.J.S.A. 2C:33-4.1(a)(2).

At defendant's pre-indictment conference on December 18, 2017, conducted by Judge Stephen J. Taylor, the State extended an offer that if defendant pled guilty to cyber-harassment it would dismiss the invasion of privacy charge and recommend a non-custodial probation sentence. Defendant replied he was interested in applying to PTI. The State responded that it would object to his entry into PTI if he applied.

With the State holding off pursuit of a grand jury presentation, defendant applied to PTI. On January 8, 2018, the Criminal Division Manager's Office issued a recommendation that defendant be accepted into PTI if the victim voiced no objection.

At the next pre-indictment conference on January 29, the State repeated its objection to defendant's admission into PTI. Defendant demanded the State formalize the objection by providing its reasons in writing. Citing Rule 3:28(h), the State claimed it did not need to do so because "where [a PTI] application is made pre-indictment, the prosecutor may withhold action on the application until the matter has been presented to the [g]rand [j]ury." Without resolving the issue, Judge Taylor continued the conference to another date because defense

counsel indicated he needed time to consult with defendant about accepting the State's pre-indictment plea offer.

On March 6, defendant pled guilty to fourth-degree cyber-harassment and the State dismissed the invasion of privacy charge and promised to recommend a non-custodial probation sentence with defendant having no contact with the victim and her family. The judge accepted defendant's plea.

On April 13, defendant moved to be placed into PTI based on the State's failure to timely provide a written objection to his PTI admission. He argued that without the State's formal objection, he could not perfect his appeal to being denied into PTI. In fact, he charges the State with intentionally "set[ting] it up so [defendant] could not perfect a PTI appeal." The State opposed; reiterating its position that Rule 3:28(h) did not require it to take action where the charges had not been presented to the grand jury and defendant accepted the pre-indictment plea offer.

Judge Taylor denied defendant's request. He agreed with the State's interpretation of Rule 3:28(h) that it had the right to withhold a formal objection to defendant's PTI application until he was indicted. Based on the rule's express language, the judge simply remarked, "the rule is what the rule is." The judge explained defendant would likely not have had the benefit of the pre-indictment

A-5706-17T3

plea offer with a non-custodial probation sentence, instead of a possible sentence of 180 to 364 days in jail, if he had allowed the State to indict him. As an alternative, the judge gave defendant the option to retract his plea, allowing the State to move forward with a grand jury presentment. The judge advised defendant if he was indicted, the State would have to formally object to his PTI application thereby giving him the right to appeal the State's opposition. Defendant chose not to retract his plea and the judge sentenced him in accordance with the plea agreement.

In his order denying defendant's request to be admitted into PTI, the judge memorialized the parties' Rule 3:28(h) arguments and confirmed the reasoning he set forth on the record. In pertinent part, he wrote:

> b. Because . . . defendant made application pre-indictment, Rule 3:28(h) permits the prosecutor to "withhold action on application until the matter has been presented to the grand jury," and the prosecutor here was well within her rights to withhold consideration pending indictment;
>
> c. [D]efendant's decision to accept a pre-indictment plea to a fourth degree charge of cyber-harassment of non-custodial probation did not require the prosecutor to also consider the PTI application, as the matter had not been presented to the grand jury and the filing of the accusation and entry of the plea is not a functional equivalent of a grand jury presentation as argued by defendant;

d. There is no evidence that the prosecutor has used a "disgraceful ploy" as defendant argues to prevent defendant from perfecting a PTI appeal. [D]efendant's decision to accept a more lenient pre-indictment plea offer, rather than await [an] indictment plea offer, and pursue any PTI appeal, obviated the need for the State to consider the application.

II

This appeal implicates the interpretation of a court rule, Rule 3:28(h). Hence, we review the trial court's interpretation of the court rule de novo. See Washington Commons, LLC v. City of Jersey City, 416 N.J. Super. 555, 560 (App. Div. 2010) (citation omitted).

Defendant contends the court's application of the rule violated his due process rights because the State's refusal to provide its reasons for objecting to his PTI admission kept him from being able to appeal the State's "rejection or [to] confirm that the State took into account all of the [statutory] factors it should have considered" in denying his PTI request. He asserts that without a statement of reasons, the State "denied [him] the opportunity to respond to the rejection of application, the court the opportunity for judicial review, and everyone the assurance that the decision was not the result of arbitrariness." Defendant maintains the State's non-action was in effect a rejection of his PTI application. He requests that we remand his claim and order the State to provide a statement

of reasons for its decision, thus allowing him to perfect his PTI appeal. Defendant's contentions have no merit.

"PTI is a 'diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior.'" State v. Roseman, 221 N.J. 611, 621 (2015) (quoting State v. Nwobu, 139 N.J. 236, 240 (1995)). The criteria for admission to PTI, as well as the procedures concerning applications for admission to the program, are set forth in N.J.S.A. 2C:43-12 to - 22 and, at the time of defendant's application, Rule 3:28(h) (repealed July 1, 2018) applied.

The rule provided:

> Application for pretrial intervention shall be made at the earliest possible opportunity, including before indictment, but in any event no later than twenty-eight days after indictment. The criminal division manager shall complete the evaluation and make a recommendation within twenty-five days of the filing of the application. The prosecutor shall complete a review of the application and inform the court and defendant within fourteen days of the receipt of the criminal division manager's recommendation.
>
> An appeal by the defendant shall be made on motion to the Presiding Judge of the Criminal Division or to the judge to whom the case has been assigned within ten days after the rejection and shall be made returnable at the next status conference or at such time as the judge determines will promote expeditious disposition of the case.

> Where application is made pre-indictment, the prosecutor may withhold action on the application until the matter has been presented to the grand jury.

[R. 3:28(h) (emphasis added).]

We discern no legal support for defendant's challenge of Judge Taylor's order. The explicit language of Rule 3:28(h) allows the State not to issue a written objection to defendant's PTI application prior to indictment. There is no other reasonable interpretation. Defendant had the right and repeated opportunities to reject the State's pre-indictment plea offer, which would have put the onus on the State to present the charges to the grand jury. Instead, he declined the judge's offer to withdraw his plea in order to take advantage of the State's offer of non-custodial probation and avoid a potential jail sentence. Defendant has cited no constitutional right that was abridged by the State's application of Rule 3:28(h).

Moreover, we agree with the State that defendant's challenge was waived because he did not seek interlocutory review of the judge's order and did not preserve his right to appeal prior to pleading guilty pursuant to the plea agreement. See State v. Moraes-Pena, 386 N.J. Super 569, 578 (App. Div. 2006) (holding Rule 3:28 "contemplates that the issue concerning enrollment into PTI

shall be resolved before or at the pretrial conference and, in any event, <u>before</u> a plea or verdict." (emphasis in original)); <u>State v. Owens</u>, 381 N.J. Super. 503, 508-09 (App. Div. 2005) (ruling "a guilty plea waives all issues, including constitutional claims, that were or could have been raised in prior proceedings.") (citing <u>Tollett v. Henderson</u>, 411 U.S. 258, 267, (1973)).[1]

     Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] There are exceptions to this general rule, but defendant does not argue that any apply here. <u>Moreas-Pena</u>, 386 N.J. Super at 579-80.

A-5706-17T3