# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3820-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

YURSIL A. KIDWAI,

     Defendant-Appellant.

_____

Argued March 26, 2025 – Decided April 10, 2025

Before Judges Rose, DeAlmeida and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 22-07-0908.

Joshua M. Nahum argued the cause for appellant (Law Offices of Alan L. Zegas, attorneys; Alan L. Zegas and Joshua M. Nahum, on the briefs).

Patrick F. Galdieri, II, Assistant Prosecutor, argued the cause for respondent (Esther Suarez, Hudson County Prosecutor, attorney; Patrick F. Galdieri, II, of counsel and on the brief).

PER CURIAM

After filing a pro se motion to dismiss a multi-count superseding Hudson County indictment,[1] defendant Yursil A. Kidwai pled guilty, with the assistance of retained counsel, to second-degree sexual assault on a victim who was less than thirteen years old when the defendant was at least four years older, N.J.S.A. 2C:14-2(b).  In exchange, the State agreed to recommend a seven-year prison term, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, Megan's Law, N.J.S.A. 2C:7-2, Parole Supervision for Life, N.J.S.A. 2C:43-6.4, and Nicole's Law, N.J.S.A. 2C:44-8.  At the conclusion of the hearing, in the presence of defendant, plea counsel withdrew the pending motion.

---

[1]  Issued in July 2022, the indictment superseded a January 2021 indictment. The superseding indictment charged:  four counts of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1) (counts eleven through fourteen); three counts of second-degree sexual assault, N.J.S.A. 2C:14-2(b) (counts fifteen, sixteen, and twenty-three); two counts of third-degree aggravated criminal sexual contact, N.J.S.A. 2C:14-3(a) (counts seventeen and eighteen); four counts of first-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(b)(3) (counts nineteen, twenty, twenty-five, and twenty-six); and seven counts of second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4 (counts twenty-one, twenty-two, twenty-four, and twenty-seven through thirty).

The same indictment also charged defendant's spouse with various sexual assault and child endangerment offenses.  We glean from the record defendant's spouse pled guilty to a negotiated plea agreement with the State and is not a party to this appeal.

A-3820-22

Defendant was sentenced to a six-year prison term with all conditions sought by the State. Pursuant to the terms of the plea agreement, the court dismissed the remaining counts charged against defendant. The negotiated plea agreement otherwise was unconditional.

Defendant now appeals from an amended July 11, 2023 judgment of conviction (JOC).[2] Asserting the State violated his attorney-client privilege by intercepting jail calls between him and his attorneys while he was detained pretrial at the Hudson County Correctional Facility (HCCF), defendant seeks vacatur of his conviction and dismissal of all charges against him.

In his merits brief, defendant raises the following points for our consideration:

### POINT I

THE STATE MUST BE SANCTIONED FOR ITS VIOLATION OF [DEFENDANT]'S RIGHTS AND INTRUSION INTO THE ATTORNEY-CLIENT PRIVILEGE.

A. The State Intentionally Intruded on [Defendant]'s Conversations with Counsel.

B. The State's Intrusion Resulted in Learning about Defense Strategy.

---

[2] The JOC was amended to reflect the court issued a sex offender restraining order. Both JOCs erroneously reflect defendant pled guilty to count fifteen of the indictment as "amended"; he pled guilty to the offense as charged.

C. The State's Intrusion Produced Evidence to Be Used to [Defendant]'s Substantial Detriment.

POINT II

THE CASE MUST BE DISMISSED IN ITS ENTIRETY AS THE ONLY APPROPRIATE REMEDY FOR THE STATE'S UNJUSTIFIED AND INTENTIONAL INTRUSION.

The State counters defendant's guilty plea waived the unsubstantiated claims asserted in his withdrawn motion to dismiss the indictment. The State urges us to affirm defendant's conviction.

For the first time on reply, defendant addresses the procedural flaws underscoring his appeal, arguing this court should relax the rules in the interests of justice. Defendant further contends, because his motion was filed pro se, plea counsel's withdrawal of the motion was "ineffective."

We dismiss defendant's appeal because his unconditional guilty plea waived his right to raise a constitutional challenge before us. Moreover, because the motion was withdrawn, the trial court did not render a decision on the merits of defendant's application and, as such, there exists no record for appellate review.

We need not recite the facts underpinning defendant's guilty plea. Instead, we briefly summarize the allegations giving rise to his pro se motion and the

relevant procedural history. In May 2020, defendant was detained at the HCCF following his arrest for various sexual assault and child endangerment offenses.

In his certification in support of the motion, defendant asserted, because he was detained during the height of the COVID-19 pandemic, the HCCF suspended on-site conferences between inmates and their attorneys. Defendant claims he therefore only was permitted to communicate with his counsel via telephone or video calls.

Defendant further asserted, during discovery, the State disclosed a May 2020 email between a Hudson County Prosecutor's Office detective and two prosecutors, wherein the detective stated she listened to jail calls between defendant and his two attorneys.[3] Defendant claimed the State's "intrusion" of his privileged communications "guid[ed] the prosecutor's strategy and motions" thus violating his Sixth Amendment right to effective counsel. Defendant annexed the email to his supporting certification.

In December 2022, five months after the superseding indictment was issued, defendant filed his pro se motion to dismiss. During a January 4, 2023 status conference, the prosecutor presented defendant a revised plea offer.

---

[3] The attorneys referenced in the email did not represent defendant during the plea hearing.

Addressing defendant's pro se application, the court indicated a motion schedule would issue if defendant rejected the State's offer.[4]  Sometime thereafter, defendant accepted the State's offer.

During his January 31, 2023 plea colloquy, defendant acknowledged under oath:  it was his decision to plead guilty; he spoke with his attorney about the plea agreement; he reviewed the plea forms with his attorney; and his attorney "answer[ed] all of [his] questions."  At the conclusion of the hearing, plea counsel withdrew defendant's pro se motion.  Defendant neither posed an objection to, nor raised any questions about, the withdrawn motion.

Subject to narrow exceptions not applicable here, it is well established that an individual who pleads guilty to violating a law is foreclosed from claiming a constitutional infringement on appeal.  See State v. Knight, 183 N.J. 449, 470 (2005); State v. Marolda, 394 N.J. Super. 430, 435 (App. Div. 2007); State v. Owens, 381 N.J. Super. 503, 508 (App. Div. 2005).  "[A] guilty plea waives all issues, including constitutional claims, that were or could have been raised in prior proceedings."  Owens, 381 N.J. Super. at 508-09 (emphasis added) (citing Tollett v. Henderson, 411 U.S. 258, 267 (1973)).

As the United States Supreme Court explained in Tollett:

_____

[4] By consent of the parties, the court ordered the motion record sealed.

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.
>
> [411 U.S. at 267.]

There are three exceptions to the general rule. Rule 3:5-7(d) preserves a defendant's right to appeal from an order denying a motion to suppress evidence. Rule 3:28-6(d) permits a defendant to appeal from a pretrial intervention denial. Pursuant to Rule 3:9-3(f), a defendant may enter a conditional guilty plea, with the consent of the court and the prosecutor, and reserve the right to appeal only from the adverse determination of specified pretrial motions.

Because defendant does not satisfy any of the exceptions under the court rules, his guilty plea waived his right to appeal. Moreover, the issues raised on reply not only are deemed waived, see State v. Smith, 55 N.J. 476, 488 (1970), but also touch on matters outside the record.

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division